IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES R. RAFFERTY,   #301571,   ) | Civil Action No. 3:08-2020-HMH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF SOUTH CAROLINA; ) | **REPORT AND RECOMMENDATION** |
| JON OZMINT, DIRECTOR SCDC; ) | |
| MR. TIM RILEY, TRCI WARDEN; ) | |
| SGT. VANDERHURSE, OFFICER; ) | |
| MS. BENNETTE, OFFICER; AND ) | |
| MS. CAMPBELL, OFFICER, SUED IN THEIR ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On April 15, 2008, this action was filed by Plaintiff, pro se, in the Court of Common Pleas for Spartanburg County, South Carolina. Plaintiff is an inmate at the Tyger River Correctional Institution ("TRCI") of the South Carolina Department of Corrections ("SCDC"). He filed an amended complaint on May 7, 2008. On May 28, 2008, Defendants removed this action to this court.[1] Defendants filed a motion for summary judgment on August 8, 2008. Because Plaintiff is proceeding pro se, he was advised on August 11, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions for summary judgment could result in the dismissal of his complaint. Plaintiff filed a response on September 9, Defendants filed a reply on September 16, and Plaintiff filed an additional response on September 30, 2008.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

**DISCUSSION**

Plaintiff appears to allege that Defendants violated his constitutional rights by exposing him to second-hand or environmental tobacco smoke ("ETS"). In his amended complaint, he appears to allege that Defendants were negligent because they failed to prevent an inmate attack on another inmate. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff fails to state a claim upon which relief can be granted; (2) Plaintiff failed to exhaust all of his available administrative remedies as required by 42 U.S.C. § 1997(e);[2] (3) Plaintiff fails to state an Eighth Amendment claim; (4) Defendants are entitled to qualified immunity; (5) Defendants are entitled to Eleventh Amendment immunity; (6) Defendants, in their official capacities, are not "persons" subject to suit under § 1983; (7) Defendants Ozmint and Riley cannot be held liable on a theory of supervisory liability; and (8) any state law claims must be dismissed as a matter of law pursuant to the South Carolina Tort Claims Act.

1.  ETS Claims

Plaintiff alleges that Defendants violated his constitutional rights because he has been exposed to ETS at TRCI. He also appears to allege that his constitutional rights were violated

---

[2]It is recommended that Defendants' motion for summary judgment be granted on the merits, as discussed below. Alternatively, it is recommended that this action be dismissed because Plaintiff failed to exhaust his available administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Plaintiff did not allege that he filed any grievances concerning the alleged incidents. Defendants provide that TRCI does not have any record of any grievances filed by Plaintiff. Plaintiff does not dispute that he did not exhaust his available administrative remedies.

2

because he was threatened with disciplinary action if a guard could smell tobacco smoke on him, even if Plaintiff himself had not smoked tobacco. Defendants contend that Plaintiff fails to state a claim concerning ETS because he has not shown that Defendants were deliberately indifferent to the dangers of second-hand tobacco smoke. They argue that Plaintiff has alleged no damages from the threat of potentially being wrongfully disciplined for a smoking violation.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

3

Exposure to secondary ETS may state an Eighth Amendment claim, even if medical problems are not yet evident. Helling, 509 U.S. at 32. In Helling, the United States Supreme Court determined that an inmate has a right to be free from an unsafe, life-threatening condition even where no harm has yet resulted. To prove an Eighth Amendment violation, a plaintiff must demonstrate two objective elements: (1) he is being exposed to unreasonably high levels of ETS, and (2) that the exposure violates current standards of decency. Id. at 36. Plaintiff must also prove a subjective element: that the defendants are deliberately indifferent to his exposure to this risk. Id.

Plaintiff has not shown that he was exposed to unreasonably high levels of ETS and that this violated currently standards of decency. See, e.g., Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996) (inmate who was housed with a smoking roommate failed to show the objective part of an ETS Eighth Amendment violation where his medical problem, asthma, was mild and the only evidence presented of a causal relationship between his condition and smoke was a few general news articles which indicated that smoke could aggravate asthmatic condition); Simmons v. Sager, 964 F. Supp. 210, 213 (W.D. Va. 1997) (plaintiff failed to show that his prison conditions exposed him to level of ETS that society would not tolerate where he did not demonstrate any specific health problems aggravated by his exposure to ETS).

Even if Plaintiff could establish the objective component of his Eighth Amendment claim, he fails to show that Defendants were deliberately indifferent to harm to him from ETS. Gary Lane ("Lane"), the Acting Warden of TRCI, provides that TRCI is a tobacco-free facility. He states that the smoke-free policy is fully implemented at TRCI and any prisoner found in possession of tobacco products is considered in violation of the contraband policies and punished accordingly. Lane Aff., Para. 2 and Exs. A and B. Plaintiff himself appears to admit that Defendants work to enforce the

4

policy, stating that on December 12, 2007, an inmate was found in possession of tobacco and received a disciplinary charge. Complaint at 3.

Plaintiff alleges that prisoners may lose their jobs with Prison Industries or that they may lose privileges such as the use of the telephone and visitation if they smell like smoke. Lane states that if any prisoner feels that he has been unjustly punished for a violation of the tobacco policies he has the recourse to the grievance procedure of the institution, but that Plaintiff has not filed any grievances regarding the matters alleged. He also states that Plaintiff has never been disciplined for a smoking infraction. Lane Aff., Paras. 4 and 5 and Ex. C.

To the extent that Plaintiff is attempting to assert a claim for negligence under § 1983, his claim fails. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995).

In his memorandum in opposition to summary judgment, Plaintiff appears to allege that Defendants should be held liable for failing to follow SCDC policies concerning tobacco use. Such a claim fails under § 1983, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

  2.  Failure to Protect

In his amended complaint, Plaintiff states that inmates at TRCI wear different colored armbands to identify their living areas. He alleges that Defendant Bennett allowed inmates with the wrong colored armbands into Plaintiff's dorm and that these inmates stabbed and beat another inmate to death. Defendants contend that Plaintiff fails to state a claim because he has not alleged that he was involved in or injured in the attack.

To the extent that Plaintiff is attempting to assert claims for any other residents, his claims fail. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

Plaintiff fails to show that his constitutional rights were violated by any failure to protect him from harm from other inmates. He has not alleged any injury from the attack on another inmate. See Norman v. Taylor, 25 F.3d 1259, 1263-64 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995). Lane states that in April 2008, an inmate was attacked and killed by fellow inmates in what was determined to be a gang-related incident, but that Plaintiff was not involved in or injured in the incident. Lane Aff., Para. 6. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v.

6

Winebrenner, 927 F.2d 1312 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

To the extent that Plaintiff is attempting to assert a claim for mental or emotional injury, his claim fails as there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger , 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[3]

42 U.S.C. § 1997e(e).

3.    Supervisory Liability

Defendants Ozmint and Riley contend that they cannot be held liable on a theory of supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take

---

[3]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

7

corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Ozmint or Riley was personally responsible for any of the alleged incidents. Further, Plaintiff has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of the alleged actions or inactions. Thus, Plaintiff fails to show that Defendant Ozmint and/or Defendant Riley is liable on a theory of respondeat superior or supervisory liability.

4.  **Immunity**

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to Eleventh

8

Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

Defendants also contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

    5.    State Law Claims

9

Plaintiff may also be attempting to assert claims under South Carolina law. Any such claims are based on state law and premised on supplemental jurisdiction. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that any remaining state law claims be remanded to the State court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); and Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001)

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 14) be **granted** and any remaining state law claims be remanded to the state court.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

October 10, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).